IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DAVID G. LUCAS and BETTY C. LUCAS,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 08-0520-CG-C |
| ) | |
| **SPRINGHILL HOSPITALS, INC., et al.,** ) | |
| ) | |
| Defendants. | |

### ORDER

This matter is before the court on the motions of several defendants for remand (Docs. 20, 22, 29, 30) and for reconsideration of this court's order staying this case (Docs. 19, 21), the memorandum in support of stay and in opposition to remand filed by defendants Baxter International, Inc., and Baxter Healthcare ("the removing defendants") (Doc. 33), responses thereto (Docs. 34, 35), and renewed motions to remand filed by the non-removing defendants (Docs. 42, 43, 44).

In the notice of removal, the removing defendants asserted both federal question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446. (Doc. 1). Several of the non-removing defendants moved for remand asserting that neither federal question, nor diversity jurisdiction exists. The court stayed the case pending transfer to an MDL Panel. (Doc. 18). The undersigned commonly stays such cases even when jurisdictional issues have been raised because such jurisdictional issues are likely to arise in the other cases filed throughout the nation that will be transferred to the MDL Panel and consistency as well as economy are served by having those issues decided by a single court. See e.g. Rever Pettway v. Wyeth, Inc. et al., 04-cv-0348-CG-C, Doc. 29 (S.D. Ala. March 16, 2005) (quoting Faith Beverly et al. v. Wyeth, et

1

al., 03-cv-0866-CB-C, Doc. 12 (S.D. Ala. Feb. 13, 2004) (citing In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990); In re Air Crash Disaster at Florida Everglades, 368 F.Supp. 812 (J.P.M.L. 1973)). This court, upon further review of the motions to remand and for reconsideration, still finds it appropriate to stay the action. The issues raised, such as whether the claims raise a substantial federal question and whether the non-diverse defendants were fraudulently joined, are likely to arise in other cases before the transferee court.

## CONCLUSION

For the above stated reasons, defendants' motions for reconsideration (Docs. 19, 21) are **DENIED** and this case remains **STAYED**.

**DONE and ORDERED** this 22nd day of January, 2009.

                                         /s/ Callie V. S. Granade
                                        CHIEF UNITED STATES DISTRICT JUDGE