IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David G. Lucas et al,      Case No. 1:09HC60016

    Plaintiffs

v.      ORDER

Springhill Hospitals, Inc. et al,

    Defendants

This is a products liability and medical malpractice case. Plaintiffs David G. Lucas and Betty C. Lucas sued Springhill Hospitals, Inc., Cardio-Thoracic and Vascular Surgical Associates, P.C., Cardiology Associates of Mobile, Inc., Terry Chris Stelly, M.D., John E. Stone, Jr., M.D., and Kenneth Edward Francez, Jr., M.D. [collectively "Healthcare Defendants"] and Baxter International, Inc., Baxter Healthcare Co., Scientific Protein Laboratories, and American Capital Strategies [collectively "Pharmaceutical Defendants"]. Plaintiffs claim that Mr. Lucas suffered injuries, including the loss of his lower legs, through ingestion of unsafely-tainted Heparin, a drug manufactured and sold by Baxter.

1

Plaintiffs assert claims of negligence, strict liability, breach of express and implied warranty, violation of Alabama's consumer protection statute, and fraud against the Pharmaceutical Defendants. They also bring medical malpractice claims against the Healthcare Defendants, contending that they failed to assess and correct Mr. Lucas' medical condition in a timely manner.

None of the Pharmaceutical Defendants are citizens of Alabama. Baxter is a Delaware company with its principal place of business in Illinois, Scientific Protein Laboratories is a Delaware corporation with its principal place of business in Wisconsin, and American Capital Strategies is a Delaware company with its principal place of business in Maryland. The Healthcare Defendants are all citizens of Alabama.

Plaintiffs filed their suit in an Alabama state court. On September 10, 2008, Baxter removed this case to the United States District Court for the Southern District of Alabama on the basis of diversity and federal question jurisdiction. Following removal to federal court, the Judicial Panel on Multidistrict Litigation ["JPML"] transferred the case to me pursuant to an order entered in *In re Heparin*, MDL 1953.

On September 22, 2008, Plaintiffs filed a motion to remand. [Doc. 20] Between January 15, 2009 and January 19, 2009, the Healthcare Defendants filed individual motions to remand. [Docs. 42, 43, 44].[1]

For the reasons discussed below, I deny the Plaintiffs' motion to remand.

---

[1] The JPML determined that Plaintiffs' medical negligence claims against the Healthcare Defendants did not "share sufficient questions of facts with claims against Baxter," severed such claims, and remanded them to the Southern District of Alabama. [Doc. 49]. Because the Healthcare Defendants are no longer before me as party to this MDL, their motions to remand are moot.

**Standard of Review**

A defendant may remove any civil action in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). After removal, a plaintiff may bring a motion to remand to state court under 28 U.S.C. § 1447(c).

Baxter, as the removing party, bears the burden of showing that federal jurisdiction exists. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir.2000). I must grant the Plaintiffs' motion to remand if I find that complete diversity jurisdiction or federal question jurisdiction do not exist. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required" for proper removal to federal court).

Because removal jurisdiction raises significant concerns about federalism, I must resolve "[a]ll doubts regarding the removal petition . . . against removal." *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F.Supp.2d 807, 811 (N.D.Ohio 2008) (citing *Queen ex rel. Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989)).

**Discussion**

**1. Diversity Jurisdiction**

Baxter establishes federal jurisdiction based on diversity. Under 28 U.S.C. § 1332, diversity of citizenship exists when no plaintiff and no defendant are citizens of the same state and the amount in controversy exceeds $75,000. Due to JPML's decision to sever and remand the Healthcare Defendants, the parties currently before me are diverse. The Plaintiffs are citizens of Alabama while the Pharmaceutical Defendants are not.

3

Moreover, the parties were diverse at the time of removal. *See Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir.1996) (noting that courts determine whether federal jurisdiction in a diversity case exists at the time of removal). Under Rule 21 of the Federal Rules of Civil Procedure, I can retain jurisdiction by severing claims against nondiverse dispensable defendants. *See Newman-Green*, *Inc. v. Alfonso-Larrain*, 490 U.S. 826, 832, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."); *Soberay Mach. & Equip. Co. v. MRF Ltd.*, 181 F.3d 759, 763 (6th Cir.1999) ("[I]t is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity.").

Here, the Healthcare Defendants were not indispensable parties. The medical malpractice and products liability claims in this case mirrored those in *Joseph v. Baxter Intern. Inc*., 2009 WL 1323738, * 2-4 (N.D. Ohio). In *Joseph*, I found healthcare provider defendants to be dispensable parties because plaintiffs in that case had an adequate remedy – namely, their medical malpractice claims in state court. *See also Phillips v. Knoll Pharm. Co.*, No. 03-8044, Slip Op. at 2-3 (N.D.Ohio September 4, 2003) (Gwin, J.) (severing claims of malpractice against nondiverse medical providers from claims of strict liability, negligent product liability, breach of warranty, and fraud against diverse pharmaceutical defendants). Given the parallels between *Joseph* and the case at bar, I conclude that diversity existed at the time of removal. The JPML's decision to sever the Plaintiffs' medical malpractice claims reinforces my finding.

The amount in controversy, further, exceeds $75,000. The Plaintiffs' complaint does not demand a specific amount in damages. As such, Baxter must prove by the preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement.

*See Gafford v. General, Elec. Co.*, 997 F.2d 150, 157 (6th Cir.1993) ("We conclude that the 'preponderance of the evidence' ('more likely than not') test is the best alternative"); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (holding that with regard to removal actions, "[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement").

The Plaintiffs allege that after Mr. Lucas received defective Heparin, he developed Heparin-induced thrombocytopenia and then gangrene, leading to the amputation of both of his legs. The Plaintiffs seek to recover from "multiple surgeries, the loss of both lower extremities, lengthy hospitalizations, extensive rehabilitation, life care expenses, severe pain, mental anguish, emotional pain and suffering, medical expenses, and permanent disability and disfigurement." [Doc. 1, Ex. 1]. The Plaintiffs claim that Mr. Lucas "will suffer future physical and emotional pain and suffering, mental anguish, life care expenses and medical expenses," loss of consortium. [*Id.*] They also seek compensatory and punitive damages.

If the Plaintiffs prove these allegations, it is more likely than not that recovery will exceed $75,000, especially in light of their request for past and future medical care and punitive damages. *See Hayes v. Equitable Energy Serv., Inc.*, 266 F.3d 560, 572 (6th Cir. 2001) ("When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered."); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (affirming district court's holding that it was "facially apparent" that claims exceeded $75,000).

5

Baxter has set forth sufficient underlying facts in the form of the Plaintiffs' underlying claims to meet its burden with regard to the amount in controversy requirement. For these reasons, I find that Baxter has established diversity.

### 2. Federal Question Jurisdiction

Because I find federal jurisdiction due to diversity, I need not assess whether federal question jurisdiction exists.[2]

### 3. The JPML's Transfer Order

Finally, the Plaintiffs' urge me to vacate the JPML's Transfer Order, contending that it unjustly severed the case. The Plaintiffs argue that to litigate the case as it is now postured would be unduly burdensome with an imminent threat of inconsistent rulings and verdicts. They further contend that it would require duplicative efforts and resources. This argument is off the mark. As I explained in *Joseph*, *supra*, 2009 WL 1323738, at * 5:

> While fighting on two fronts will no doubt be inconvenient for them, and probably more expensive, I do not find the maintenance of two lawsuits unfairly or unduly prejudicial to them. One reason is that settlement, which is not an uncommon occurrence in litigation such as this, is probably more likely where this case is one among many. Even if this case, indeed, does not settle, the plaintiffs will benefit from the MDL process: they will not bear the burden of having to engage on their own, and at their sole expense, in discovery vis-a-vis Baxter.
>
> On balance, the inconvenience and potential prejudice to Baxter if I remand substantially outweigh the inconvenience and possible prejudice to the plaintiffs from remaining before me. This would be especially so if Baxter is confronted with other cases involving similar circumstances. If such cases exist, and if remand were

---

[2] I note, however, that in *Arnold v. Baxter Healthcare Corp.*, 2009 WL 1097325, * 6 (N.D.Ohio), I held that "Federal question jurisdiction cannot lie over [plaintiffs'] state-law claims since they do not necessarily raise federal law issues, no federal issues involved are actually disputed or substantial and granting jurisdiction would abrogate the congressionally approved balance between state and federal judiciaries with regard to cases and claims of this sort."). *Accord*, *Joseph*, *supra*, 2009 WL 1323738, at * 5.

found in these circumstances to be necessary, Baxter would potentially be fighting many more than just two fronts.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT

1. Plaintiffs' motion to remand [Doc. 20] be, and the same hereby is denied; and

2. The Healthcare Defendants' motions to remand [Docs. 42, 43, 44] be, and the same hereby are overruled as moot.

So ordered.

                                            <u>s/James G. Carr</u>
                                            James G. Carr
                                            Chief Judge